SUMMARY ORDER

In Dkt. No. 07-4270-ag, Petitioner Shuai Zheng, a native and citizen of the People’s Republic of China, sought review of a September 20, 2007 order of the BIA denying his second motion to reopen. In re Shuai Zheng, No. A70 311 881 (B.I.A. Sept. 20, 2007). In Dkt. No. 08-2158-ag, Petitioner sought review of an April 24, 2008 order of the BIA denying his third motion to reopen and affirming the February 6, 2008 decision of Immigration Judge Barbara A. Nelson dismissing for lack of jurisdiction a motion to file a successive asylum application. In re Shuai Zheng, No. A70 311 881 (B.I.A. Apr. 24, 2008), aff'g No. A70 311 881 (Immig. Ct. N.Y. City Feb. 6, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
Docket No. 07-4270-ag (L)
Petitioner’s motion to withdraw with prejudice his petition for review in Dkt. No. 07-4270-ag (L) is granted. Accordingly, we dismiss that petition and proceed to consider only the arguments made with respect to docket number 08-2158-ag (Con).
Docket No. 08-2158-ag (Con)
The BIA dismissed Zheng’s appeal and denied his motion to reopen. Where the BIA adopts and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).
With respect to the appeal from the IJ’s decision, the BIA properly affirmed the *605 IJ’s conclusion that she lacked jurisdiction to consider Petitioner’s motion to file a successive asylum application. Petitioner had already filed an appeal with the BIA, vesting that body with jurisdiction to consider all subsequent motions. See 8 C.F.R. § 1003.23(b)(1) (providing that an IJ may “reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals”); Matter of Valles-Perez, 21 I. & N. Dec. 769, 771 (BIA 1997) (finding that “[i]t is normally true in immigration proceedings that once an appeal is filed with the Board of Immigration Appeals, the Immigration Court or district director loses jurisdiction over the matter”). Furthermore, Petitioner has waived any argument that the agency’s jurisdictional finding was erroneous. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
To the extent the BIA construed Petitioner’s submission of new evidence as a third motion to reopen, the BIA did not abuse its discretion in denying that motion as untimely and number-barred. An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). There is no time limit for filing a motion to reopen if it is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii). However, the BIA reasonably concluded that Petitioner had not demonstrated that the evidence he submitted was previously unavailable. Indeed, the agency had already considered his arguments in denying his prior motion to reopen. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
For the foregoing reasons, the petition for review in Dkt. No. 07-4270-ag is GRANTED and the petition for review is DISMISSED. The petition for review in Dkt. No. 08-2158-ag is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).